Bobbie WOOD, et vir, Appellants,

v.

Wendell H. SPRAY, Appellee.

No. 6641.

Court of Civil Appeals of Texas. Amarillo.

Jan. 14, 1957.

Rayford Ball and McWhorter, Cobb & Johnson, Lubbock, for appellants.

Clifford, Blanchard & Somers, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a suit brought by appellants against appellee upon a promissory note made payable to Bobbie Wood and executed by Wendell H. Spray. Appellee admitted the execution and delivery of the note sued upon and claimed the right to open and close and rely upon his contentions of rescission and cancellation of the note. The trial court submitted the case to the jury upon two special issues as follows:

"Special Issue No. 1

"Do you find from a preponderance of the evidence that the plaintiff, B. E. Wood, unconditionally agreed with Wendell H. Spray to a cancellation of the note sued upon in consideration of the return of the cafe business to Mr. and Mrs. Wood?

"Answer 'Yes' or 'No' as you may find.

"Answer: Yes.

"If you have answered the foregoing Special Issue 'Yes' and only in that event, then answer the following issue:

"Special Issue No. 2

"Do you find from a preponderance of the evidence that the plaintiff, Bobbie Wood, consented to the unconditional agreement to a cancellation of the note in consideration of the return of the cafe business, if you have

found that there was such an unconditional agreement made by B. E. Wood with Wendell H. Spray?

"Answer 'Yes' or 'No', as you may find.

"Answer: Yes."

Both of these issues were answered in the affirmative.

Appellants made and presented their motion for instructive verdict; for judgment non obstante veredicto and also for a new trial but all were overruled by the court. The court entered judgment upon the verdict of the jury that Bobbie Wood, joined by her husband B. E. Wood, take nothing from Wendell H. Spray, and from this judgment appellants perfected this appeal.

The appellants present this appeal upon four assignments of error; 1st—contending there was no legal evidence of cancellation; 2nd—in entering judgment for defendant on jury findings that the husband agreed to a cancellation of the note payable to his wife and that the wife consented to such agreement where there was no legal evidence of cancellation as required by Article 5939, Sec. 119, Subdiv. 3 and Sec. 122, Revised Civil Statutes; 3rd—that there was no evidence that the wife authorized her husband to act for her; and 4th— that appellee had not pleaded and proved ratification by the wife of her husband's acts.

We are of the opinion that the undisputed record in this case shows that the cafe that was sold to appellee was community property of the appellants and consequently the note in question would also be their community property although taken in the name of Bobbie Wood. Under such circumstances the husband could rescind and cancel the note if he saw fit. There was no attempt on the part of appellee to show any fraud or reason the note was not good when made but when the note became due he could not pay the same and offered to turn back the cafe and lose

what he had already paid. There is no question but what B. E. Wood took back the cafe and operated it for two weeks and that was known to Bobbie Wood. There was a dispute between the parties as to the conditions under which the cafe was taken back but the jury's findings, and we think upon sufficient evidence, on that issue were in favor of appellee.

 We are of the opinion that it is well settled as the law in this state if, after the breach of a contract by one of the parties, they agree to cancel it and make a new contract with reference to its subject matter, that is a waiver of any cause of action growing out of the original breach. Judgment of the trial court affirmed.